SCANNED
U.S. DISTRICT COURT
DISTRICT OF MAINE
2005 DEC -5 P 4: 23
DEPUTY CLERK
SCANNED

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

ARTHUR D'AMARIO, III, )
)
Movant )
)
v. ) Civil No. 1:01-cv-00097-S (R.I.)
) Civil No. 05-216-P-H (ME)
UNITED STATES, )
)
Respondent )

**RECOMMENDED DECISION ON PETITIONER'S MOTION FOR RELIEF UNDER RULE 60(b)**

On October 12, 2005, Arthur D'Amario filed a motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b) (Docket No. 44) seeking relief from a judgment entered on this 28 U.S.C. § 2255 motion on May 23, 2001. On that date United States District Court Judge Joseph DiClerico[1] denied D'Amario's motion to vacate the underlying criminal judgment. On that same date Judge DiClerico denied D'Amario's motion for recusal. (Docket No. 22.) D'Amario promptly filed a notice of appeal seeking to appeal from the orders entered by Judge DiClerico on May 17, 2001, the date the judge signed both the opinion denying § 2255 relief and the motion for recusal. A certificate of appealability was denied on July 10, 2001. The First Circuit issued its judgment on the appeal on April 26, 2002, denying relief on the § 2255 motion and denying the motion for an order of recusal. (Docket No. 36.)

[1] The docket sheet supplied to this court indicates the judgment was signed by Judge Paul J. Barbadoro, but the copy of the actual decision (Docket No. 18) indicates that Judge DiClerico authored the order. Since the entire thrust of this motion, D'Amario's earlier Rule 60(b) motion, and his initial appeal of the judgment in this case has been premised upon Judge DiClerico's bias against him, it is clear that the docket entry is simply a clerical error.

On July 16, 2001, which was before the First Circuit ruled upon the then pending appeal, D'Amario filed his first motion for partial relief from judgment under Federal Rule of Civil Procedure 60(b). (Docket No. 34.) The case was reassigned to Judge Steven McAuliffe. I could not tell from the docket whether there was ever an endorsement entered on that motion, but Judge McAuliffe did address a second Rule 60(b) motion, filed by D'Amario on April 3, 2003. The Government responded to that motion on April 22, 2003, (Docket No. 41), noting that the First Circuit had already upheld Judge DiClerico's refusal of the motion to recuse because of his alleged bias. The Government noted that D'Amario had made no showing of a "structural error" or lack of due process such that the original § 2255 judgment should be declared void. Judge McAuliffe denied the second § 2255 motion with an endorsement order on April 29, 2003.

D'Amario relies upon two events to support this third Rule 60(b) motion. First he suggests that Gonzalez v. Crosby, __U.S. __, 125 S.Ct. 2641 (2005) provides that (apropos 28 U.S.C. § 2255 motions) "relief is attainable for the first time under Rule 60(b)." His suggestion is just nonsense. The prior Rule 60(b) motion was addressed on its merits and the Government briefed the motion as a Rule 60(b) motion in accordance with the "pragmatic approach" espoused by the First Circuit in Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003). Under that approach, the court and the Government treated the motion as one simply challenging Judge DiClerico's bias as it was allegedly reflected in the § 2255 judgment and ruled upon those allegations, rather than treating the motion as raising new claims or new evidence vis-à-vis the underlying criminal judgment. Thus,

D'Amario's claim that Crosby somehow changed the legal landscape and allows the consideration of this motion for the first time is without any merit.

D'Amario's second contention about why he is now entitled to file this third Rule 60(b) motion pertains to the fact that on October 3, 2005, he apparently obtained copies of United States Marshal's Service (USMS) logs dating back to June 2000. According to D'Amario, these logs (attached to his memorandum and identified as Gov't Ex. SBJ-2) demonstrate that Judge DiClerico was biased against him at the time the initial § 2255 judgment was entered. The logs demonstrate that the FBI and USMS were investigating inappropriate communications sent to Judge DiClerico's chambers during 2000 and that on May 18, 2001, D'Amario was indicted in connection with those communications. Judge DiClerico issued his opinion in this case on May 23, 2001.

Even if D'Amario did not receive copies of these logs until October 2005 the salient facts have been known to him since 2001. Indeed the basis of his April 2003 Rule 60(b) motion was that "Judge DiClerico knew Petitioner was to be indicted on May 25, 2001; an indictment claiming himself as 'victim'; He had to act fast to clear off his desk before May 25 (2001)." The claims D'Amario seeks to raise in this, his third, Rule 60(b) motion have been ruled upon before by the First Circuit Court of Appeals in the direct appeal from the denial of the motion to recuse and by Judge McAuliffe in the second Rule 60(b) motion. There is no reason for this court to yet again rule upon the merits of this claim for Rule 60(b) relief.

I recommend that the court summarily dismiss this motion as the identical Federal Rule of Civil Procedure 60(b) claim challenging the adjudication of D'Amario's 28 U.S.C. § 2255 motion has been previously litigated and definitively decided.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Margaret J. Kravchuk
U.S. Magistrate Judge

Dated December 5, 2005