**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **ARTHUR D'AMARIO, III** | ) | |
| **PETITIONER** | ) | |
| **V.** | ) | **CIVIL NO. 05-216-P-H** |
| **UNITED STATES OF AMERICA,** | ) | |
| **RESPONDENT** | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE AND ORDER ON MOTION TO RECUSE**

Upon *de novo* review, I accept the Magistrate Judge's Recommended Decision and **DISMISS** the Rule 60(b) motion for relief from the May 23, 2001, judgment. (That judgment denied a motion to vacate an underlying criminal judgment.) I add only the following observation to Magistrate Judge Kravchuk's well-reasoned decision.

D'Amario has been asserting Judge DiClerico's alleged bias since the time D'Amario filed his original motion to recuse. That motion, filed May 7, 2001, stated that a criminal complaint in New Jersey "alleges that Petitioner impeded the judge's duties by threatening to 'kidnap' him." There is nothing new in the current filings to justify reopening the original judgment and denial of recusal, which was affirmed on appeal. And nothing in Gonzalez v. Crosby, ___ U.S. ___, 125 S. Ct. 2641 (2005), furnishes a new basis for a Rule 60(b) motion to reopen that judgment. Indeed, to the extent that the current 60(b) motion is based upon

newly discovered evidence (*i.e.*, the U.S. Marshals' logs), it is also too late, since more than one year has passed since the May 23, 2001, judgment was entered. See Fed. R. Civ. P. 60(b).

In addition, I **DENY** the motion to recuse, contained within D'Amario's Objection to Report and Recommended Decision filed on December 19, 2005. This is not a case like Nettles where the petitioner had conspired to blow up the courthouse in which all the judges had their offices, and the court of appeals therefore concluded that the public might believe that all judges in the courthouse would be biased against the defendant because of the threat to their safety. See In re Nettles, 394 F.3d 1001, 1003 (7th Cir. 2005). D'Amario is concerned that Judge DiClerico may have been prejudiced against him in 2001 because Judge DiClerico allegedly then knew of D'Amario's alleged threats made against him. Whether or not that is so, there was and is no threat against me. I have no reason to be biased against D'Amario and his Rule 60(b) motion, and no reasonable person might reasonably question my own impartiality, see 28 U.S.C. § 455(a), based on Judge DiClerico's alleged earlier knowledge.

**SO ORDERED.**

**DATED THIS** 19th **DAY OF DECEMBER, 2005**

D. BROCK HORNBY
**UNITED STATES DISTRICT JUDGE**

**U.S. DISTRICT COURT**
**DISTRICT OF MAINE (PORTLAND)**
**CIVIL DOCKET FOR CASE #: 2:05cv216**

| | | |
|---|---|---|
| **ARTHUR D'AMARIO, III**<br><br>**Petitioner** | represented by | **ARTHUR D'AMARIO, III**<br>02989-070<br>U.S. MEDICAL CENTER<br>PO Box 4000<br>SPRINGFIELD, MO 65801-4000<br>*Pro Se* |

**v.**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Respondent** | represented by | **STEPHANIE S. BROWNE**<br>U.S. ATTORNEYS OFFICE, RHODE ISLAND<br>FLEET CENTER<br>50 KENNEDY PLAZA, 8TH FLOOR<br>PROVIDENCE, RI 02903<br>709-5000 |