SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. DISTRICT COURT
PORTLAND, MAINE
RECEIVED AND FILED

2005 DEC 30 P 12:00

BY MW
DEPUTY CLERK

ARTHUR D'AMARIO, III

v.

C.A. No. 01-0097 (D.R.I.)
D.Me. No. 05-216-P-H

UNITED STATES

MOTION FOR COA

Pursuant to FRAP 22(b)(1) and 28 USC § 2253(c)(1)(B), Petitioner moves for issuance of a certificate of appealability, for the reasons stated in his accompanying memorandum of law.

Petitioner, pro se,

12-26-05

Arthur D'Amario 02989-070
US Medical Center
PO Box 4000
Springfield, MO 65801-4000

CERTIFICATION

I certify that on Dec. 26, 2005, I mailed copies of this Motion and Memorandum to AUSA Adi Goldstein, 50 Kennedy Plaza, Prov., RI 02903, by prepaid, 1st-class mail.

petitioner

10

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ARTHUR D'AMARIO, III

v. C.A. No. 01-0097 (D.R.I.)
D.Me. No. 05-216-P-H

UNITED STATES

MEMORANDUM

Petitioner is moving for issuance of a Certificate of Appealability to the bring the Judgment EOD Dec. 20, 2005, to the Court of Appeals.

In weighing a motion for COA, the question is "the debatability of the underlying constitutional claim, not the resolution of that debate." Lave v. Dretke, 416 F.3d 372, 379 (5th Cir. 2005) (following Miller-El v. Cockrell, 537 U.S. 322, 342 (2003)).

Petitioner incorporates for reference the memorandum of law supporting his Rule 60(b)(4) motion and affixed exhibits. It is undisputed that Judge Diclerico recused himself shortly after dismissing the above § 2255 action because Petitioner was about to stand trial for threatening him. However, the threat did not occur in 2001. It was secretly published to the judge by law enforcement agents in July 2000 - 8 months before this proceeding was commenced. On appeal, the Circuit's inquiry would focus on whether the record, viewed objectively, reasonably supports the appearance of bias or prejudice. In re Antar, 71 F.3d 97, 101 (3d Cir. 1995).

There is a significant difference between the standards of decision prescribed in §§ 144 and 455(a):

> "That distinction is that section 144 requires a determination of bias or prejudice in fact [citations omitted]. In contrast, section 455(a) does not require bias in fact and, instead, may require a judge to order that a case be transferred to another judge because of a mere appearance of bias."

Mandel v. Town of Orleans, 233 F.Supp.2d 147, 149 (D.Mass. 2002) (emphasis in original).

An inmate's motion to reduce sentence was denied. His later § 2255

motion was referred to a magistrate who'd been the AUSA that opposed the motion to reduce sentence, which called for automatic disqualification by § 455(b)(3). The conflict was unnoticed by the magistrate nor called to his attention by counsel, so he heard and rejected the petition's merits:

> "Because of the disqualification, we treat the proceedings below as a nullity. Accordingly, the judgment appealed from is vacated, and the cause is remanded for further proceedings."

Mixon v. U.S., 620 F.2d 486, 487 (5th Cir. 1980) (per curiam) (granting petition for rehearing).

Also resorting to the remedy of quashing the trial court judgment of a conflicted judge is Liljeberg v. Health Servs. Corp., 486 U.S. 847 (1988) (violation of § 455(a) even though judge had forgotten about the facts at issue mandating recusal).

Petitioner relied on Rule 60(b)(4). See, e.g., Mixon (judgment a "nullity"). Liljeberg granted relief under Rule 60(b)(6). Mischaracterization of the proper subsection of the rule is not a ground for denying the motion. Mitchell v. Hobbs, ___ F.2d ___, ___ n.__ (1st Cir. 1993).

A factually identical case is U.S. v. Greenspan, 26 F.3d 1001 (10th Cir. 1994), where a judge aware of a defendant's plot to murder him or his family expedited sentencing. Here, Judge DiClerico expedited adjudication of the § 2255 to dismiss it a day before indictment, feigning ignorance of the investigation begun almost 11 months earlier.

Whether clause (4) or (6) of Rule 60 is applicable, neither has a one-year time limitation. The court applied the wrong standard to this motion, and failed to factually determine when Judge DiClerico learned Petitioner would be indicted, making him a witness in a criminal case.

Supported by precedent, Petitioner has a debatable issue to present on appeal: whether the judgment of May 17, 2001, is a "nullity" because § 455(a) required Judge DiClerico's disqualification in July 2000.

Petitioner, pro se,

Arthur D'Amario, III

cc:
AUSA Adi Goldstein