UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ARTHUR D'AMARIO III | ) | |
| | ) | |
| v. | ) | C.A. No. 01-0097 |
| | ) | |
| UNITED STATES | ) | |

## MOTION FOR RECUSAL

Petitioner moves for the recusal of every magistrate, trial judge and appellate justice within the First Judicial Circuit, pursuant to 28 U.S.C. §§ 144, 455(a) and 455(b)(1). For support, Petitioner relies on his accompanying memorandum

Petitioner, pro se,
5/22/08
Arthur D'Amario III
FCI Englewood

## CERTIFICATION

I certify that on May 23, 2008, I mailed a copy of this Motion & Memorandum to AUSA Adi Goldstein, 50 Kennedy Plaza, Prov., RI 02903.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ARTHUR D'AMARIO III | ) | |
| v. | ) | C.A. No. 01-0097 |
| UNITED STATES | ) | |

MEMORANDUM SUPPORTING A MOTION FOR RECUSAL

Having submitted a Rule 60 motion a week ago, Petitioner now moves that the entire First Judicial Circuit disqualify itself from further participation in this fixed and fraudulent § 2255 proceeding, which was wrongly decided. The pertinent statutes are 28 U.S.C. §§ 144, 455(a) and 455(b)(1). The court can take no action on the Rule 60 motion until the recusal issue is addressed. Role v. Eureka Lodge No. 434, 402 F.3d 314, 318 (2d Cir. 2005). Due process is violated by actual bias or an appearance of bias. Quercia v. U.S., 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933) (judge may not distort or add to the evidence); Franklin v. McCaughtry, 398 F.3d 955, 960 (7th Cir. 2005) (an incentive to be biased is enough). The standard for weighing the prospect of recusal under § 455 is objective. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000).

The 46 exhibits affixed to Petitioner's memorandum supporting his Rule 60(b)(4) motion prove collusion between Judge DiClerico, Chief Judge Boudin and rabid New Jersey prosecutors. The prior judgment entered in this action 5/23/01 is therefore void, "because judicial partiality automatically vitiates a judgment[.]" Lockheart v. Hulick, 443 F.3d 927, 929 (7th Cir. 2006), (following Edwards v. Balisok, 520 U.S. 641, 647 (1997)). In addition to collusion, Petitioner presented proof (EXs. 29-31) that in a civil case, No. 89-0011L,*

*When Judge Lagueux committed the felony offense in #89-0011L of obstruction of justice by switching the complaints, he was concealing a conflict of interest discovered by Petitioner in 1993. The judge was serving on a Judicial Improvement Commission with RI attorney Jay S. Goodman, while Mr. Goodman was executive director and acting chairman of the Providence Civic Center Authority.

Judge Lagueux removed Petitioner's § 1985(2) complaint from the federal case file, and replaced it with a copy of an old Superior Court complaint. (Crime runs in the family. Lagueux's son stole antique guns from a State Police display window at the Scituate barracks. And Judge DeRobbio's son is in state prison upon RICO convictions. Bad judges; bad genes.)

In July 2000, AUSA Lockhart divulged Petitioner's alleged "threat" letter from Fort Dix to Chief Judge Boudin. USMS logs retrieved in 2007-08 recorded by DUSM Bartlett show that all judges construed the letter as serious and took precautions, like "tracking" Petitioner's movements and asking local police chiefs to secure their neighborhoods (EX 35). None of these ex parte contacts by judges hearing Petitioner's case were disclosed. In fact, when questioned, CJ Boudin lied that they never occurred (EXs 45, 46). "The government bears the burden of showing that the defendant was not prejudiced by an ex parte communication, and the burden is "a heavy one."" U.S. v. Simms, 385 F.3d 1347, 1352 (11th Cir. 2004) (quoting U.S. v. Minsky, 963 F.2d 870, 874 (6th Cir. 1992)); compare U.S. v. Barnwell, 477 F.3d 844 (6th Cir. 2007) (convictions reversed due to trial judge's ex parte communications with government counsel). "Recusal is often justified when bias stems from influences outside the ongoing judicial process." Washington v. Sobina, 471 F.Supp.2d 511, 515 (E.D.Pa. 2007).

Upset that the government successfully appealed his lenient sentence of a defendant with health problems, a judge recused after developing a bias against the government in regard to disposition of the case. U.S. v. Likens, 487 F.Supp.2d 1046, 1048 (S.D.Iowa 2007). That's akin to Judge Lagueux becoming upset that Petitioner sued Jay Goodman's Civic Center Authority in '89.

The involvement of CJ Boudin with NJ prosecutors, thereby expressing fear of Petitioner in Boston, obligates the entire Circuit to recuse. In re Nettles, 394 F.3d 1001 (7th Cir. 2005) (issuing writ of mandamus disqualifying Seventh Circuit where defendant was accused of trying to bomb federal courthouse).+

Petitioner, pro se,

Arthur D'Amario III

+Petitioner has no complaint with Judge Young and considers him a great judge. However, Judge Young works within the First Circuit, where bias at all levels has been exposed by the 46 exhibits. Simply put, a decision by Judge Young for Petitioner angers Judge Lagueux and instills fear in CJ Boudin, so a judgment for movant is impossible. Nor does Petitioner enjoy a right of review, now that it's plainly clear the Chief Judge has joined the NJ prosecution team and lied to conceal it. And, Matthew Sellers says Debra's family knows RI judges - another sticky fact buried by future judge Ed Roy to the glee of all concerned.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ARTHUR D'AMARIO III | ) | |
| v. | ) | C.A. No. 01-0097 |
| UNITED STATES | ) | |

DECLARATION OF BIAS SUPPORTING
PETITIONER'S MOTION FOR RECUSAL

I, Arthur D'Amario III, declare and say that:

1. In March 1997, Matthew Sellers told my sister-in-law, Karen D'Amario, that his wife Debra knows judges and state troopers in Rhode Island, and that "they" were going to "take care of" me for dating her. Matthew's claim of a state police affiliation is already proven true by my EX 6.

2. In early 2005, Ed Roy told client Arthur Jordan that he's been "promised" a RI judgeship. Jordan told me about it at Wyatt in May 2005 in A-Dorm. I believe the judges are swindling me in this § 2255 action to protect Roy's contrived reputation until he obtains his judgeship, and to maintain my custody so I cannot testify against him at the Judicial Nominating Comn. public hearing that will review his fitness for the bench.

3. The complaint described by Judge Lagueux in D'Amario v. Russo, 718 F.Supp. 118, 120-21 (D.R.I. 1989), is a copy of my Superior Court complaint filed in 1986 (#86-2462). Judge Lagueux switched the complaints to cheat me. My missing federal complaint pled two causes of action under §§ 1985(2) and 1986. The FBI took evidence and a criminal complaint from me, but U.S. Attorney Lincoln Almond spiked it, as did the Judicial Council.

4. In July 2005 I arrived at USMC-Springfield. On 1/17/06, my SPG case mgr., Donna L. Davis, told me that in July '05 court officials employed at D/RI made ex parte, defamatory phone calls about me to SPG's doctors. Davis said I was "nothing at all" like the way court officers depicted me. Investigation strongly indicates that the callers were CUSPO Barry Weiner and clerk David DiMarzio.

5. Records obtained under FOIA in 2007 indicate that these dishonest judges authorized an illegal wiretap of my parents' phone in Arizona in early 2005. The 3/30/05 log of a "CI" found a year ago by FOIA reports the content of a private phone conversation I had while in AZ with a business in RI. My contact with that business occurred only by phone while on probation in '05.

6. Also in March '05, someone made a false report to Social Security that I was back in prison, which cut off my SSDI benefits a month too soon, and cost me about $1,500. The incident was investigated by a SSA official in Missouri in late 2005. That official confirmed to me at SPG that a false report had been received and relied on. He said I'd have to be released, and meet with SSA in person to be apprised of all the facts and the caller's identity. I believe the corrupt judges of this court induced CUSPO Weiner to make the false report to create economic hardship for me, so I could not afford to leave AZ and move into Section 8 housing in RI.

7. My attorneys have expressed to me that this court is biased and controlling all events in my life. Prof. Andrew Horwitz in 2005 called me a "political prisoner" and says the judges are toying with me and wasting my lawyers' energy. Charles Tamuleviz said in June '05, "They just want to keep jamming you up with jail time." Ralph A. Jacobs said in Camden, NJ, in 2006 that the "orders" to prosecute me there were "coming from Providence."

8. Judge Lagueux poses a significant threat to me. I'm convinced he is insane and psychotic. Lawyers have told me stories about him, such as how he considers himself to be the judiciary's policeman, and how he stalked Alan M. Dershowitz during publication of Reversal of Fortune. When my ethics complaint was pending against attorney John H. Hines Jr., Displinary Board Counsel Mary M. Lisi (now Judge Lisi) illegally leaked my pleadings to Judge Lagueux at his request so he could continue spying on me. I believe I was stalked, too. I learned in 1993 that during pendency of the fraudulently altered Russo, Lagueux was chairing a Judicial Improvement Com'n that included Civic Center director Jay S. Goodman.

9. In 1999, Ed Roy was employed as an Asst. U.S. Attorney and State Police informant. Incredibly, this biased court appointed Ed Roy to simultaneously represent and vigorously prosecute me, pretending there was no conflict.

10. On 5/17/01, Judge DiClerico was told by AUSA Goldklang that I'd be indicted in Newark the next day for purportedly threatening him. I was indicted 5/18/01. Judge DiClerico fraudulently altered normal procedure and distorted my claims on May 17, to get rid of this proceeding prior to May 18, so it would appear at time of indictment that he had no duties and no conflict. He is a fraud.

11. Many judges of RI courts, including Judge Selya, Judge Gemma and ex-Chief Judge Bevilacqua, cavort and do business with mobsters and felons. The mob mentality pervades this court and allowed for a wolfpack-like assault upon my basic rights in this case. The judges who sit on this court are unqualified political hacks lacking integrity and credibility. They are proud to be evil.

I declare under penalty of perjury that the foregoing is true.

EXECUTED ON: May 22, 2008.

[signature]
Arthur D'Amario III

CERTIFICATION

I certify that on 5/23/08 I mailed a copy to AUSA Adi Goldstein.

[signature]