**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **ARTHUR D'AMARIO, III** | ) | |
| **PETITIONER** | ) | |
| **v.** | ) | **CIVIL NO. 05-216-P-H** |
| **UNITED STATES OF AMERICA,** | ) | |
| **RESPONDENT** | ) | |

**ORDER ON PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

On November 14, 2006, the Court of Appeals for the First Circuit denied a certificate of appealability to Arthur D'Amario, III. D'Amario had sought to appeal "his *third* motion filed pursuant to Fed. R. Civ. P. 60(b) which seeks to reopen [a] May 2001 judgment denying his § 2255 motion." According to the court of appeals:

> This most recent Rule 60(b) motion repeats a claim of bias that was raised and rejected when petitioner's second Rule 60(b) motion was denied in May 2003. It also repeats a claim of bias that was first tardily raised in October 2002 when petitioner sought to recall the mandate in D'Amario v. United States, No. 01-1814. We denied that request to recall mandate in March 2003.

The court found the third Rule 60(b) motion "both untimely and repetitive" and denied leave to appeal. <u>See</u> Docket Item 14.

Undaunted, on May 22, 2008, D'Amario filed this, his *fourth* Motion for Relief from Judgment under Rule 60(b), still making the original charge of bias previously rejected. A one-year limitations period bars claims based on

subsections (1) through (3) of Rule 60(b). Fed. R. Civ. P. 60(c). But D'Amario says that this fourth motion is based on two subsections that are not subject to the one-year time bar, namely, (4) ("judgment is void") and (6) ("any other reason that justifies relief").[1] There is a "reasonable time" limit even on these subsections, and by now in 2008 D'Amario has exceed that limit as well. In any event, D'Amario has no support for his argument that the original judgment is void under subsection (4). Subsection (6), on the other hand, is a catchall provision that is subject to some interpretation, but it cannot assist D'Amario. It is apparent that D'Amario is trying to present what he considers to be new evidence of his original bias claim. He tries to avoid the flat one-year limitation period applicable to such a subsection (2) ("newly discovered evidence") claim: he says that the evidence upon which he now relies is not "newly discovered," but was "always known" to him; it was, however, "unavailable" to him previously, he says, blaming the Bureau of Prisons and United States Marshals Service for their custody of his legal papers. Mem. Supporting Mot. for Relief From Judgment at 1 (Docket Item 15). The argument is creative, but unpersuasive. This is, in fact, a newly discovered evidence claim under Rule 60(b)(2) and is subject to the one-year limit. Moreover, D'Amario is simply repeating arguments rejected previously, and the repetition has become frivolous in light of the repeated rejections.

Accordingly, the motion for relief from judgment is once again **DENIED**. Moreover, in light of the continuing frivolous filings, I place Arthur D'Amario, III on

---

[1] Subsection (5) is inapplicable, dealing largely with a satisfied, released, discharged, reversed or vacated judgment. Fed. R. Civ. P. 60(b)(5).

**NOTICE** that filing restrictions "may be in the offing." Cok v. Family Court of Rhode Island, 985 F.2d 32, 35 (1st Cir. 1993). This represents the "cautionary order" of which Cok speaks. Groundless and inappropriate filings will not be tolerated.

I expect that D'Amario will file an application for certificate of appealability. Thus, I treat this Rule 60(b) motion as including that request. Because no substantial question would be presented for decision on appeal, I deny the request.

**SO ORDERED.**

**DATED THIS 5TH DAY OF JUNE, 2008**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**