UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ARTHUR D'AMARIO III | : | |
| | : | |
| | : | |
| v. | : | C.A. No. 01-0097 |
| | : | |
| | : | |
| UNITED STATES | : | |

## MOTION FOR ISSUANCE OF DEPOSITION SUBPOENAS

Petitioner moves for the issuance of witness subpoenas to take the depositions at Allied Court Reporters in Cranston of Judge DiClerico, Judge Lagueux and Chief Judge Boudin, in support of his pending motions brought pursuant to Rule 60(b) and 28 U.S.C. §§ 144 and 455. Petitioner requests an order directing Respondent to pay the costs of the proceedings and transcriptions pursuant to Rule 6, 28 U.S.C. foll. § 2255.

For support, Petitioner relies on his accompanying memorandum.

Petitioner, pro se,

Arthur D'Amario III

## CERTIFICATION

I certify that on June 2, 2008, I mailed a copy to AUSA Adi Goldstein.

petitioner

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ARTHUR D'AMARIO III | : | |
| v. | : | C.A. No. 01-0097 |
| UNITED STATES | : | |

MEMORANDUM

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim of defense of any party . . . " F.R.Civ.P. 26(b)(1). Rule 6 of the Rules Governing § 2255 Cases permits discovery in habeas actions.

Petitioner is seeking leave to depose Judge Lagueux, Judge DiClerico and Chief Judge Boudin to obtain evidence in support of his pending motions. He has moved to reopen the proceeding through Rule 60(b)(4, 6), based on prima facie evidence of judicial fraud by the above subjects. He has also moved for the recusal of every judge within the Circuit pursuant to 28 USC § 144 and § 455, due to bias and corruption in these courts. Evaluation of a judge's impartiality tends to be fact-specific. Logue v. Dore, 103 F.3d 1040, 1045 (1st Cir. 1997). The judge who ultimately hears this case must allow fact-finding processes. See, e.g., U.S. v. Baus, 834 F.2d 1114, 1125 (1st Cir. 1987) (truth or falsity in Rule 60(b) motion's allegations necessitated an evidentiary hearing on whether government breached its obligations under a stipulation):

> " . . . once the record evidence demonstrates a "colorable" claim of fraud, the court may exercise its discretion to permit preliminary discovery and evidentiary proceedings."

Pearson v. First NH Mortgage Corp., 200 F.3d 30, 35 (1st Cir. 1999) (remanded for evidentiary hearing on motion to vacate judgment claiming a concealed conflict of interest by movant's attorney).

The "colorable" claim of judicial fraud was presented in Petitioner's 46 exhibits affixed to his memorandum supporting his pending Rule 60 motion.

Those exhibits contain proof that Judges Boudin and DiClerico secretly colluded with NJ prosecutors while adjudicating Petitioner's criminal appeals and postconviction motions, and lied about it when questioned. They reveal that in C.A. No. 89-0011L, Judge Lagueux committed the felony crime of file tampering. He threw away Petitioner's § 1985(2) pro se Complaint and replaced it with a copy of an old Superior Court tort claim, No. 86-2462.

The scope of the examination can be generally described as follows:

1) Judge DiClerico: Petitioner will delve into the judge's backdoor escapades from July 2000 to May 2001 with AUSA Goldklang of Newark, and whether he knew when he dismissed this action on 5/17/01 that Petitioner would be indicted 5/18/01.

2) CJ Boudin: Petitioner will inquire into his backdoor escapades of Nov.-Dec. 2001 with AUSA Goldklang, his leaking to her of Petitioner's Judicial Council pleadings, and his '03 and '08 lies to cover up. Also, Petitioner has information that CJ Boudin contacted MA Supreme Judicial Court and asked that his appeals and mandamus petitions not be docketed or heard.

3) Judge Lagueux: Petitioner will interrogate him about the obstruction of justice the judge committed in No. 89-0011L, and an angry letter he mailed to the Judicial Council 9/10/94. He'll be asked why he directed the R.I. Disciplinary Board to illegally leak Petitioner's private papers to him, and whether he enticed CUSPO Weiner to commit a series of atrocities against Petitioner including illegal spying and stalking. Petitioner has a right to delve into Lagueux's harassment of another dissident, Alan M. Dershowitz. Lagueux's anti-psychotic medications are also relevant.

Deposition testimony will convincingly prove that these judges and their Mob-connected cronies officially blacklisted Petitioner out of the judicial process in 1989, and that he's had no due process rights ever since.

Petitioner has new evidence which will soon reverse his NJ conviction and free him. He'd like to take the depositions at Allied Court Reporters, and the government is required to pay all expenses under ACJA. Discovery on Ed Roy's conflicts and the Fourth Amendment violations are separate issues.

PETITIONER, pro se,

Arthur D'Amario III

cc:
AUSA Adi Goldstein
50 Kennedy Plaza
Prov., RI 02903