UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARTHUR D'AMARIO III

v. C.A. No. 01-0097
(D.Me. No. 5-216-P-H)

UNITED STATES

MOTION TO ALTER JUDGMENT

Pursuant to Rule 59(e), Petitioner moves to alter or amend the judgment entered June 5, 2008, for the reasons that (a) Judge Hornby had no authority to adjudicate Petitioner's Rule 60 motion during pendency of a motion for recusal brought under 28 USC § 144; (b) In light of the evidence that Judge Lagueux committed a felony crime against Petitioner in 1989, and Chief Judge Boudin secretly assisted Petitioner's New Jersey prosecutors, then lied to cover it up, no judge within the First Judicial Circuit may sit on Petitioner's cases; and (c) the court again demonstrated its bias by ignoring the evidence and proven facts, denying fair procedure, and distorting the movant's legal theories for relief.

Petitioner relies on his attached memorandum of law.

Petitioner, pro se,

6/11/08
Arthur D'Amario III
ENG

CERTIFICATION

I certify that on 6/12/08 I mailed copies of this Motion & Memorandum to AUSA Adi Goldstein.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARTHUR D'AMARIO III

v. C.A. No. 01-0097

UNITED STATES

## MEMORANDUM

Confronted with the hard evidence that Judge DiClerico and Chief Judge Boudin are sleazy, dishonest and unethical, and that Judge Lagueux is crazy, it's not surprising that their loyal colleague, Judge Hornby, reacted by threatening the diligent Petitioner with sanctions. Judge Hornby is another imitator perpetrating judicial fraud on an innocent victim of government atrocities.

Judge Hornby was presented, prior to decision, with Petitioner's motion for recusal of the entire Circuit, which relied on both §§ 144 and 455 and was properly supported by a declaration of bias. That motion's supporting memorandum stated, at p. 1, that a court may take no action on the Rule 60 motion until the recusal issue is addressed. Role v. Eureka Lodge No. 434, 402 F.3d 314, 318 (2d Cir. 2005). Evaluation of a judge's impartiality is a fact-dependent inquiry. Logue v. Dore, 103 F.3d 1040, 1045 (1st Cir. 1997).

The claim of bias was supported by the government's own evidence affixed to the memorandum supporting the Rule 60(b) motion.* Those 46 exhibits prove that,

1) In C.A. No. 89-0011L, Judge Lagueux threw away Petitioner's federal civil complaint and replaced it with a copy of an old Superior Court complaint;

2) Judge DiClerico hastily and improperly dismissed this § 2255 proceeding a day before he knew Petitioner would be indicted for "threatening" him, and that the judge had been working with NJ prosecutors since July 2000;

3) CJ Boudin leaked "confidential" Judicial Council records to NJ prosecutors, then twice lied that he didn't do it, while stonewalling Petitioner's appeals.

*Rule 60(b)(6) pertains to "extraordinary circumstances." The obtuse Judge Hornby never thought it extraordinary that Petitioner proved Attleboro police framed him, that they wrote the crank greeting cards, committed perjury, and he is therefore wrongly convicted. Judges are all fakers.

Judge Hornby cannot make a finding of inappropriate conduct by the Chief Judge of the Circuit. § 455(a) mandates his recusal. Had this evidence been presented by a lawyer, there'd have been a recusal, then an evidentiary hearing by a neutral judge from without the Circuit. The belief of Judge Hornby is that a pro se movant should be cheated on normal procedures so he can't win.

The court also distorted Petitioner's legal theories in his Rule 60 motion. His bias claim was timely pleaded in 2001. So was his claim that Ed Roy was conflicted and botched the Fourth Amendment defense. Those are factual issues. Petitioner's point, not that this court is capable of understanding English, is that he was never given an opportunity to present proof. Now, in 2008, with still no discovery tools or subpoena power, he has compiled a volume of evidence proving every claim and justifying a full hearing. He has even persuaded the Judicial Nominating Commission to release its minutes from 8/30/95, and Lauren Jones to substantiate that something happened that evening which, if fully developed, would disqualify Judge DeRobbio from issuing the search warrant.

When a conflicted, biased court, acts in a manner contrary to due process, and breaches a duty to recuse, its judgments are null and void. Petitioner has cited this law; Judge Hornby can't comprehend it. A succession of dim-witted, hack judges violates the Fifth Amendment.

In the RICO lawsuit Petitioner is filing within a few days in Camden, NJ, the prime defendants will be Lagueux, DiClerico, Boudin, Irenas and Hornby. This is what the public knows it to be - the Black-Robed Mafia. The federal judiciary is dirty, oily and greasy and its judges are common hoodlums who pride themselves on wrong decisions. Petitioner looks forward to returning to RI so he can pass out leaflets in Kennedy Plaza apprising the public that their federal court is a fraud and Judge Lagueux a Mob-style enforcer.

The June 5 judgment must be vacated, and the Rule 60 and § 144/455 motions referred to a real judge from far away. End this continuing sick joke where RI matters are sent to the Kravchuk/Hornby coalition on the pretense of "due process." If the federal courts were privatized, the Better Business Bureau would sue to close them under consumer fraud laws.

Petitioner, pro se,

Arthur D'Amario III

cc:
AUSA Adi Goldstein