UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARTHUR D'AMARIO III

v. C.A. No. 01-0097
(D.Me. No. 5-cv-216)

USA

MOTION FOR COA

Pursuant to FRAP 22(b)(1) and 28 USC § 2253(c)(1)(B), Petitioner moves for issuance of a certificate of appealability, to present to the appellate court the issues identified in his attached memorandum.

Petitioner, pro se,
6-25-08
Arthur D'Amario III
ENG

CERTIFICATION

I certify that on June 26, 2008, I mailed copies of this Motion & Memorandum to AUSA Adi Goldstein.

petitioner

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARTHUR D'AMARIO III

v.

C.A. No. 01-0097
(D.Me. No. 5-cv-216)

USA

MEMORANDUM

Denial of Petitioner's Rule 60 motion became final when his Rule 59(e) motion was dismissed, and he must obtain a COA to appeal. FRAP 22(b)(1). On appeal, hopefully to a neutral and impartial Circuit, he'll argue the following issues:

1. That the 46 exhibits affixed to his Rule 60 motion (almost all of which were procured subsequent to the denial of his previous motions), make out a prima facie showing of bias and conflicts of interest by both Judge DiClerico and Chief Judge Boudin, necessitating an evidentiary hearing into whether the prior § 2255 and appellate proceedings were fair and legitimate.

2. That a showing that Judges DiClerico and Boudin collaborated in secret with Petitioner's New Jersey prosecutors, beginning July 2000, means they breached a statutory duty to recuse and their prior judgments are invalid.

3. That the evidence shows Ed Roy rendered ineffective assistance at the suppression hearing, and I was wrongly denied an opportunity to prove this allegation in 2001.

4. That the newly available JNC minutes of 8/30/95 and Lauren Jones witness statement (EXs. 1-3), support my claim that Judge DeRobbio was not neutral and detached and issued an overbroad warrant out of spite - thereby meriting a full hearing on the claim.

5. That the evidence proves beyond any doubt that Attleboro police wrote the anonymous greeting cards to frame me - something this court can't understand. The court is required to take evidence on Petitioner's Fourth Amendment claim, and he has been denied fair and standard procedure since commencing this § 2255 action in March 2001.

6. Judge Hornby was disqualified from ruling on the Rule 60 motion by § 455(a), for no First Circuit judge may sit on my case with CJ Boudin exposed as an evidentiary source for NJ prosecutors.

Any of these issues concerns the denial of constitutional rights.

Petitioner, pro se,

[signature] 6-25-08

Arthur D'Amario III

cc:
Adi Goldstein